**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | **SA-08-CR-890-XR** |
| LEONARD ROJAS MADRID,<br>    *Defendant*. | § § § § § | |

**ORDER**

On December 3, 2008, a three-count indictment was filed charging the Defendant and four others with various drug offenses. Specifically, count one charged conspiracy to distribute 1,000 kilograms of marijuana. Count two charged Defendant and another defendant with aiding and abetting each other with possession with intent to distribute 100 kilograms or more of marijuana. Count three charged all defendants with aiding and abetting each other with possession with intent to distribute 1,000 kilograms or more of marijuana.

His criminal history was calculated at II and the total offense level was 35. The Presentence Report indicated the Defendant has been diagnosed with chronic systolic heart failure, stage C; Atrial fibrillation of unknown duration; left ventricular thrombus; idiopathic dilated cardiomyopathy; alcoholism; and hyperlipidemia. According to Cardiovascular Associates of San Antonio, the Defendant is in Stage C of heart failure. His condition is considered severe and chronic, having only 35 to 40% functioning of his heart. The Defendant also has an abnormal rhythm of his heartbeat, has had a clot in the left ventricle of his heart, and has severe weakening of his heart. His medication regime includes blood thinners to prevent a

stroke, and other medication which serve to control and strengthen his heart, lower his blood pressure, and relieve excess fluid.

Reflecting reservations about a lengthy sentence because of the Defendant's health, the Court sentenced the Defendant to 120 months, the statutorily required minimum mandatory sentence and departed from the Guidelines. The Guideline range was calculated at 188-235 months.

The Court deferred the Defendant's reporting to the Bureau of Prisons for an indefinite period so that he could receive treatment from his medical providers. The Defendant was released on bond. On January 30, 2012, the Bexar County Sheriff's Office reported that authorities were summoned to the Defendant's residence after receiving a call that the Defendant allegedly assaulted his spouse, Cindy Madrid. Further bond restrictions were imposed upon the Defendant. On September 19, 2012, the Probation Office was contacted by Cindy Madrid, who reported the Defendant had contact with her, in violation of his bond restrictions. Thereafter, the Defendant failed to report to his probation officer as directed and cut off his electronic monitoring unit. His bond was revoked, and he began serving his sentence about May 8, 2014.

On May 4, 2020, the Defendant filed his Emergency Motion for Compassionate Release (Dkt. No. 274) and Supplement (Dkt. No. 275). In his motion the Defendant asserts that the BOP and his case manager have screened him, and he has been accepted into Crosspoint, Inc.'s Comprehensive Sanction Program in San Antonio, with an admission date of September 25, 2020. In his motion he argues that because of the COVID-19 outbreak in the BOP medical facility he is incarcerated in and his underlying health conditions it is unsafe for him to remain in the facility until September and he seeks immediate release to home confinement with his

parents or, in the alternative, release to the Crosspoint halfway house and thereafter supervised release.

The Government acknowledges that the Defendant had a "relatively minor criminal history before the conviction in this case." The Government also acknowledges that "Defendant's most recent medical records demonstrate that he continues to suffer from serious heart conditions, including nonischemic cardiomyopathy and chronic atrial fibrillation, and uses a pacemaker." Despite these acknowledgements, the Government has been equivocal on releasing the Defendant early. No opposition was expressed in the Government's Response (Dkt. No. 276 at p. 18) but it prayed for the motion to be denied in that same document (Dkt. No. 276 at p. 19) and expressed concerns during the hearings held in this matter because of the Defendant's violations of his bond conditions.

**Exhaustion requirement**

18 U.S.C. § 3582(c)(1)(A) requires that a request for a sentence reduction be presented first to BOP for its consideration; only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in court.

There is a great split among the courts as to whether exhaustion is jurisdictional and whether there exist exceptions to the requirement under certain circumstances. This Court need not wade into this analysis inasmuch as the Defendant sought relief from the Warden of the Fort Worth FMC on April 23, and the response of the BOP has been to release the Defendant to Crosspoint in September.

**§ 3553(a) factors**

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.' § 3582(c)(1)(A)(i). In commentary, the Sentencing Guidelines describe 'extraordinary and compelling reasons' to include 'a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)' such as metastatic cancer, though no 'specific prognosis of life expectancy' is required. § 1B1.13 (p.s.), comment. (n.1(A)(i))." *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020).

"Even if 'extraordinary and compelling reasons' for early release exist, the relevant policy statements provide for a reduction in sentence only if a defendant 'is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g).' U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g)." *United States v. Jackson*, No. 4:14-CR-00576, 2020 WL 1955402, at *4 (S.D. Tex. Apr. 23, 2020).

The Court agrees that that the Defendant has established an "extraordinary and compelling reason" for a sentence reduction under § 3582(c). Given the severity of his medical conditions continued placement at Ft. Worth FMC is problematic given the outbreak of COVID-19 cases at that facility.

As the Government itself concedes the Defendant had a "relatively minor criminal history before the conviction in this case." The Government also acknowledges that "Defendant's most recent medical records demonstrate that he continues to suffer from serious heart conditions." The Court expresses some reservations about the domestic violence allegations that occurred in 2012, but there is no evidence brought forth that the spousal relation continues. The Defendant's reentry program contemplates that he will be living at his parent's residence. Application of the 3553 factors dictate the granting of the motion. The likelihood of recidivism in this case is minimal and the Defendant does not pose a danger to the public if he was released.

Defendant's Motion for Release from Custody (Dkt. No. 274) is GRANTED in part. The Defendant is ordered released from Ft. Worth FMC conditioned upon his entry and enrollment into Crosspoint, Inc.'s Comprehensive Sanction Program in San Antonio. The Court has been informed that entity is able to immediately enroll him. Upon successful completion of that program, Defendant shall be placed on supervised release upon the same terms as previously imposed.

SIGNED this 18th day of May, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE